Order Entered.

Patrick M. Flatley
United States Bankruptcy Judge
Dated: Friday, July 24, 2009 9:28:11 AM

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| NICKEY M. CANNON, | ) | |
| | ) | |
| Debtor. | ) | Case No. 08-1688 |
| _____ | ) | |
| | ) | |
| SHAWN CESNICK, and | ) | |
| RACHEAL CESNICK, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 09-22 |
| | ) | |
| NICKEY M. CANNON | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Shawn and Racheal Cesnick seek entry of summary judgment on their complaint to deny a Chapter 7 discharge to Nickey M. Cannon (the "Debtor") under 11 U.S.C. § 727(a)(4)(A). The Cesnicks contend that the Debtor made several false statements on the schedules and statement of financial affairs accompanying his bankruptcy petition.

For the reasons stated herein, the court will grant the Cesnicks' motion for summary judgment.

## I. STANDARD OF REVIEW

Summary judgment is appropriate when the matters presented to the court "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a

1

matter of law." Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056; *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). The party moving for summary judgment has the initial burden of proving that there is no genuine issue as to any material fact. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 161 (1970). Once the moving party has met this initial burden of proof, the non-moving party must set forth specific facts sufficient to raise a genuine issue for trial and may not rest on its pleadings or mere assertions of disputed facts to defeat the motion. *Matsushita Electric Industrial Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (stating that the party opposing the motion "must do more than simply show that there is some metaphysical doubt as to the material facts"). The mere existence of a scintilla of evidence in support of the opposing party's position will not be sufficient to forestall summary judgment, but "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). In ruling on a motion for summary judgment, "the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. A fact is not "genuinely disputed" unless the factual conflict between the parties requires a trial of the case for resolution. *Finley v. Giacobbe*, 79 F.3d 1285, 1291 (2d Cir. 1996) ("If there is any evidence in the record from which a jury could draw a reasonable inference in favor of the non-moving party on a material fact, this Court will find summary judgment is improper.").

## II. BACKGROUND

In the Circuit Court of Garrett County, Maryland, the Cesnicks filed a four-count civil complaint (breach of contract, negligence, breach of warranty, and violation of statute) against the Debtor based on the Debtor's construction of the Cesnick's house. In 2003, the Cesnicks obtained a judgment in the amount of $68,460. In November 2008, the Cesnicks caused an Oral Examination in Aid of Enforcement of Judgment to be set. Before that hearing could be held, however, the Debtor filed his October 23, 2008 Chapter 7 bankruptcy petition.

The Debtor's bankruptcy petition contains several false statements. For example, on Schedule I, the Debtor claims not to be employed, and to receive only $812 monthly in social security payments. In response to the Cesnicks' interrogatories, however, the Debtor claimed to receive $500.00 on October 10, 2008, $500.00 on October 17, 2008, and $1,200.00 on October 24, 2008, for services and labor that he performed for James Grim. In his deposition testimony, the Debtor stated that James Grim never paid him anything; rather, he was paid by Cannon Contracting,

a company owned by his brother and in which the Debtor testified to owning a 10% interest.

Regarding his 10% interest in Cannon Contracting, the Debtor never listed that interest on his schedule of personal property (Schedule B). Also, the Debtor failed to list Cannon Contracting as a source of income during the two years preceding his bankruptcy petition on Question 1 of his Statement of Financial Affairs. Likewise, the Debtor failed to list Cannon Contracting as an entity in which he was a partner[1] on Question 18 of his Statement of Financial Affairs. The Debtor attempted to explain this omission by stating that he did not own an interest in Cannon Contracting in 2006 and 2007, and that he could not recall if he owned that interest before he filed bankruptcy on October 23, 2008. Contrary to theses statements, however, the Debtor's tax returns reflect income and losses from Cannon Contracting, a partnership, from 2005, 2007 and 2008.[2]

## III. DISCUSSION

The Cesnicks assert that the court should deny entry of the Debtor's discharge on the basis that the Debtor made false statements on the Debtor's bankruptcy schedules and statement of financial affairs.

Pursuant to 11 U.S.C. § 727(a)(4)(A), the court shall grant a Chapter 7 a discharge, unless, "(4) the debtor knowingly and fraudulently, in or in connection with the case – (A) made a false oath or account . . . ." Thus, to be denied a discharge under § 727(a)(4)(A), "'the debtor must have made a statement under oath which he knew to be false, and he must have made the statement willfully, with the intent to defraud.'" *Mercantile Peninsula Bank v. French (In re French)*, 499 F.3d 345, 352 (4th Cir. 2007) (quoting *Williamson v. Fireman's Fund Ins. Co.*, 828 F.2d 249, 251 (4th Cir. 1987)). The party objecting to discharge has the burden of proof by a preponderance of the evidence. Fed. R. Bankr. P. 4005.

**A.    Statements Made Under Oath**

---

[1] In his deposition testimony, the Debtor stated that Cannon Contracting had five partners: Justin Cannon, Jason Cannon, Joe Cannon, Nick Cannon, and himself. At another time in his deposition, the Debtor stated that he did not consider himself a partner, even though he did own a 10% interest.

[2] The Debtor's full tax return from 2006 was not submitted as an exhibit. On Line 12 of his 2006 tax return, the Debtor did list $4,713 in business income, but the listing is not specific as to what business that income was from.

3

Statements made by a debtor in a petition, schedules, or statement of financial affairs are unquestionably statements that are made under oath.

Bankruptcy relies heavily on self-reporting by debtors. A debtor's signature avowing to the truth and correctness of the bankruptcy petition, schedules, and statement of financial affairs is undertaken on penalty of perjury. Fed. R. Bankr. P. 1008 ("All petitions, lists, schedules, statements and amendments thereto shall be verified or contain an unsworn declaration as provided in 28 U.S.C. § 1746."). Truth in reporting is consonant with the purposes of bankruptcy, which is to "give[] the honest but unfortunate debtor . . . a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of pre-existing debt." *Local Loan Co. v. Hunt*, 292 U.S. 234, 244 (1934).

In this case, the Debtor's statement on Schedule B (schedule of personal property) that he held no stock or partnership interest in Cannon Contracting is a statement made under oath. The Debtor signed his "Declaration Concerning Debtor's Schedules" wherein he "declared under penalty of perjury that [he] had read the . . . schedules, and that they are true and correct to the best of the Debtor's knowledge, information and belief." (Document No. 1, p. 23). This declaration includes Schedule I, which is the Debtor's report of monthly income. Likewise, the Debtor executed a similar declaration that he read the answers in his Statement of Financial Affairs and that his answers were true and correct.

**B.      Making Statements that are Knowingly False**

The Cesnicks contend that the Debtor knew that he owned a 10% interest in Cannon Contracting, and that he was aware that he had earned income from working construction jobs in the month that he filed his bankruptcy petition. Despite having this knowledge, the Debtor specifically averred that he had no such ownership interest or income.

A debtor should make every attempt to report accurate information in the debtor's petition and schedules and "[n]either the trustee nor the creditors should be required to engage in a laborious tug-of-war to drag the simple truth into the glare of daylight." *In re Tully*, 818 F.2d 106, 110 (1st Cir. 1987); *See also In re Ingle*, 70 B.R. 979, 983 (Bankr. E.D.N.C. 1987) ("Creditors are entitled to truthful statements in a debtor's statement of financial affairs so that they may conduct their own investigations of those affairs."). Of course, petitions, schedules, and statements are often filed hastily, memories fail, and innocent mistakes and omissions can occur. *E.g., Jordan v. Bren (In re*

4

*Bren)*, 303 B.R. 610, 614 (B.A.P. 8th Cir. 2004) ("[C]ourts are often understanding of a single omission or error resulting from innocent mistake."), *rev'd on other grounds*, 122 Fed. Appx. 285 (8th Cir. 2005).

Construing all inferences in favor of the Debtor as the non-movant for summary judgment, the court can only conclude that the Debtor knew of the omissions from his schedules and statement of financial affairs, and that such omissions were made knowingly. Importantly, the Debtor's 2005, 2007, and 2008 tax returns reflect an ownership interest in Cannon Contracting, and those tax returns were signed by the Debtor. Despite the testimony by the Debtor in the early part of his deposition, in which he alternated between disavowal of any ownership interest to ignorance of it, the Debtor admitted such interest after being confronted with his tax returns. Additionally, regarding his monthly income on Schedule I, when he filed his Chapter 7 bankruptcy petition on October 23, 2008, he had received a $500 payment for his work on a home on October 10, 2008, another $500 on October 17, 2008, and a payment of $1,200 on October 24, 2008.

Thus, contrary to the Debtor's assertions, upon a thorough review of the materials offered in support of summary judgment – most especially the Debtor's deposition – the court is convinced that no inference exists that the omission of information from the Debtor's schedules and statement of financial affairs was a simple error resulting from an innocent mistake regarding his ownership interest in Cannon Contracting and the receipt of pre-petition income in addition to Social Security income.

C.   **Making Statements Willfully with the Intent to Defraud**

According to the Cesnicks, the Debtor's omissions regarding his business interest and activities are done for the purpose of thwarting the collection of their judgment. Indeed, apart from a $138 medical bill, the Cesnicks are the only creditors listed by the Debtor in his bankruptcy schedules.

Although "courts are often understanding of a single omission or error resulting from innocent mistake," *Bren*, 303 B.R. at 614, "multiple inaccuracies or falsehoods may rise to the level of reckless indifference to the truth, which is the functional equivalent of intent to deceive." *Id.* An intent to deceive may be found "where the debtor, in the first instance of filing a petition, Schedules, and Statement of Financial Affairs, makes statements therein, exceeding honest mistake, which are inconsistent and incompatible with her own knowledge and information." *Kaler v. McLaren (In re*

5

*McLaren)*, 236 B.R. 882, 885 (Bankr. D.N.D. 1999).

In proving a § 727(a)(4)(A) cause of action, no requirement exists that there be some detriment to a creditor resulting from the false oath. *E.g.*, *Farmers Co-Operative Ass'n v. Strunk*, 671 F.2d 391, 396 (10th Cir.1982) ("Detriment to a creditor need not be shown in order to establish fraudulent concealment or a false oath barring discharge."); *United States v. O'Donnell*, 539 F.2d 1233, 1237-38 (9th Cir. 1976) ("Materiality does not require a showing that creditors are harmed by the false statements."). The fact that a debtor may believe that omitted information concerned a worthless business relationship or holding is a specious defense; "[i]t makes no difference that he does not intend to injure his creditors when he makes a false statement [because c]reditors are entitled to judge for themselves what will benefit, and what will prejudice, them." *In re Chalik*, 748 F.2d 616, 618 (11th Cir. 1984).

In this case, it may well be that the Debtor's business activities – receiving payment from construction jobs and having a 10% ownership interest in Cannon Contracting – prove to be worthless to the Cesnicks in their attempt to collect on their judgment. The Debtor is not, however, entitled to withhold this type of business information from his creditors when he files a bankruptcy petition. No basis exists on summary judgment to find that the Debtor's omissions in his schedules and statements were innocent; the omissions of the Debtor are consistent inaccuracies, exceeding that of an honest mistake. At a minimum, the Debtor has exhibited a reckless indifference to the truth and accuracy of his schedules and statement of financial affairs, which is the functional equivalent of an intent to deceive.

In sum, the court finds that the undisputed facts on summary judgment demonstrate that the Debtor made false oaths on his October 23, 2008 bankruptcy schedules and statements regarding his income and business interests, he knew that those statements were false inasmuch as the statements were contrary to both his tax returns and his actual receipt of income in October 2008, and that the statements were made willfully with the intent to defraud inasmuch as the omissions are inconsistent with the Debtor's personal knowledge, exceed that of an honest mistake, and, at a minimum, the omissions exhibit a reckless indifference to the truth and accuracy of the schedules and statement of financial affairs.

## IV. CONCLUSION

For the above stated reasons, the court will grant the Cesnicks' motion for summary

judgment and will deny entry of discharge under 11 U.S.C. § 727(a)(4)(A). The court will enter a separate order pursuant to Fed. R. Bankr. P. 9021.